UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN W. GROSS, III,<br><br>Plaintiff,<br><br>v.<br><br>D. BOZAN, et al.,<br><br>Defendants. | Civil Action No. 21-9704 (FLW)<br><br>OPINION AND ORDER |

Plaintiff is currently incarcerated at New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Court will dismiss Plaintiff's claims against the Department of Corrections ("DOC") with prejudice and the remainder of the claims without prejudice.

I. **FACTUAL BACKGROUND**

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. This case arises from an alleged unprovoked attack on Plaintiff at New Jersey State Prison. Plaintiff names Officer D. Bozan and the Department of Corrections as Defendants in this matter.

Plaintiff was incarcerated at Mid-State Correctional Facility in Wrightstown, New Jersey at the time of the attack. (ECF No. 1, at 5.) As alleged, approximately 7:30 am on December 31, 2020, Plaintiff was returning from the medication line at the facility when Defendant Bozan suddenly attacked him without provocation or reason. (*Id.*) Defendant Bozan allegedly struck

1

Plaintiff multiple times in the face and head area and threw Plaintiff to the ground. (*Id.*) According to Plaintiff, Defendant Bozan then proceeded to stomp and kick Plaintiff several times while he was on the ground. (*Id.*)

The DOC allegedly ignored Plaintiff's pleas for help and covered up Defendant Bozan's actions. (*Id.* at 4.) No one attempted to intervene or stop the attack. (*Id.* at 6.) Instead, the DOC purportedly placed Plaintiff in segregation to suppress evidence and torture Plaintiff. (*Id.*) In addition, the DOC misrepresented to Plaintiff about the state of a security camera that overlooked the hallway where the event occurred, failed to investigate the event, and denied Plaintiff the opportunity to file criminal charges. (*Id.*) Plaintiff filed the instant Complaint on April 19, 2021.

## II. LEGAL STANDARDS

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a government employee or entity. *See id.* § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915(e)(2)(B), 1915A(b). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally

2

construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. ANALYSIS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, averring that Defendant Bozan attacked and beat Plaintiff without provocation or reason, and that the DOC suppressed evidence and covered up Defendant Bozan's acts by placing Plaintiff in segregation and denying him the opportunity to file criminal charges. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). The Court construes the Complaint as alleging an Eighth Amendment excessive force claim against Defendant Bozan, and a claim under the First and Fourteenth Amendments against the DOC for impeding Plaintiff's rights to access the courts.

**A. Access to Courts Claim**

The Court will address first Plaintiff's access to courts claims against the DOC. As set forth below, Plaintiff fails to state a claim because the Department of Corrections is not a "person" subject to liability under § 1983.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Two general categories of denial of access to the courts claims exist: (1) systemic official action frustrates a plaintiff in preparing and filing suits at the present time, where the suits could be pursued once the impediment has been removed; and (2) specific cases that cannot be tried (or tried with all material evidence), no matter what official action may be in the future. *Christopher v. Harbury*, 536 U.S. 403, 412–14 (2002).

3

Regardless of the category, a plaintiff must identify a "nonfrivolous," "arguable" underlying claim. *Id.* at 415. Where prisoners assert a claim that defendants' actions have inhibited their opportunity to present a past legal claim, they must also show that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. *Id.* A plaintiff must address these elements with allegations in the complaint sufficient to give fair notice to a defendant. *Id.* at 416.

In this case, the Complaint alleges that the DOC segregated Plaintiff to suppress evidence and denied Plaintiff the opportunity to file criminal charges. (*See* ECF No. 1, at 6.) While these facts may form the basis of an access to courts claim, the Court need not address the merits of such claim, because he brings it against the DOC only, which is not a "person" subject to liability under § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64 (1989). Accordingly, the Court will dismiss with prejudice the claim against the DOC for failure to state a claim. If Plaintiff believes he can allege facts entitling him to relief against a proper "person" under § 1983, he may file an amended complaint.

### B. Excessive Physical Force Claim

Next, the Court turns to Plaintiff's excessive force claim pursuant to the Eighth Amendment. Although Plaintiff sets forth the basic elements of an excessive force claim, Plaintiff fails to state a claim as he fails to allege a demand for relief sought against Defendant Bozan.

The Eighth Amendment protects inmates from the "wanton and unnecessary infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). When examining Eighth Amendment excessive force cases, courts generally afford prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 321–22.

4

"In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). In weighing these issues, courts look to the need for application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, the extent of the threat to the safety of prison staff and inmates – as reasonably perceived by prison officials on the facts known to them, and any efforts made to temper the severity of a forceful response. *Id.*

Here, Plaintiff sufficiently alleges the basic elements of an excessive force claim against Defendant Bozan. Plaintiff alleges that while he was returning from the medication line, Defendant Bozan suddenly attacked Plaintiff without provocation or reason. (ECF No. 1, at 5.) Defendant Bozan struck Plaintiff several times in the face and head, threw Plaintiff to the ground, and proceeded to stomp and kick Plaintiff while he was on the ground. (*Id.*) Such facts, accepted as true, plausibly suggest that Defendant Bozan applied force "maliciously and sadistically" to cause harm rather than in a good faith effort to maintain or restore discipline.

Federal Rule of Civil Procedure 8, however, requires a pleading to contain "a demand for relief sought." Fed. R. Civ. P. 8(a)(3). The Complaint demands relief from the Department of Corrections but does not demand relief from Defendant Bozan. (*See* ECF No. 1, at 6.) Nor does the Complaint specify whether Plaintiff brings these claims against the Defendant in his official or individual capacity. (*See generally id.*) The importance of specifying the relief sought under Rule 8 is particularly important here, where the Eleventh Amendment bars claims against state officials in their official capacities for non-injunctive relief. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Ex parte Young*, 209 U.S. 123, 158–59 (1908). For these reasons, the Court

dismisses without prejudice Plaintiff's claim against Defendant Bozan for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 8(a)(3) and 28 U.S.C. § 1915A.

**IT IS,** therefore, on this 25th day of June 2021,

**ORDERED** that Plaintiff's claims against the Department of Corrections are dismissed **WITH PREJUDICE** for failure to state a claim for relief; and it is further

**ORDERED** that Plaintiff's claims against Defendant Bozan are dismissed **WITHOUT PREJUDICE** for failure to state a claim for relief; and it is further

**ORDERED** that Plaintiff may submit an Amended Complaint that complies with Fed. R. Civ. P. 8 within 30 days of his receipt of the Court's Order; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order and the accompanying Opinion to Plaintiff at the address on file and **ADMINISTRATIVELY TERMINATE** this matter.

*s/Freda L. Wolfson*
Freda L. Wolfson, District Judge
United States District Court